F. TRAVIS BUCHANAN, ESQ., & ASSOCIATES, PLLC
F. Travis Buchanan, Esq.
Nevada Bar No. 9371
701 E. Bridger Ave., Suite 540
Las Vegas, Nevada 89101
Tel: (702) 331-5478
Fax: (702) 629-6919
Email: Travis@Ftblawlv.com
Attorneys for Plaintiff CARMEL MARY-HILL

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CARMEL-MARY HILL,<br><br>Plaintiff,<br><br>v.<br><br>RED ROCK COUNTRY CLUB, A Business organization, form unknown; DOES I-X, inclusive, and ROE ENTITES I-X, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-001766-JAD-DJA<br><br>**Stipulation and Order Staying Action Pending Mediation**<br><br>ECF No. 38 |

This Stipulation for a Temporary Stay of all Proceedings in this action is entered into by and between Plaintiff CARMEL MARY-HILL, and Defendants RED ROCK COUNTRY CLUB (Collectively, the "Parties"), pending the outcome of a mediation between the parties, including filing deadlines, conferences, and hearings, and in support the parties submit that the following shows good cause for such Order:

1. In March of 2021, after both the Discovery deadline, and Dispositive Motion Deadline expired in this case, the parties voluntarily, and in good faith agreed to partake in private Mediation before the Hon. Nancy M. Saitta, Ret., and such Mediation was initially scheduled to convene on June 7, 2021. **See** Exhibit – 1.

2. On May 22, 2021, the parties were notified by the Hon. Nancy M. Saitta, Ret., that, due to "an unexpected conflict on the date of the mediation," the June 7, 2021, mediation date had to be rescheduled. **See Exhibit – 2.** Due to scheduling conflicts with proposed July 2021 mediation dates, the parties are currently in the process of rescheduling the mediation to a date convenient for all parties in August of 2021. **See Exhibit – 3.**

3. The Parties have already paid $5800 (50% paid by each party) to Advanced Resolution Management ("ARM") in order to partake in mediation and attempt to settle this dispute, and have made substantial progress towards that goal. **See Exhibit – 4.**

4. The Parties anticipate with the mediator's schedule, the schedule of the parties and counsel, and the work that would be involved, that it may take two to three months to complete the mediation process. The parties anticipate the mediation session will be completed in a single day.

5. Despite this progress and their agreement to mediate, the Parties realize that it would not be economically feasible to both litigate this matter and attempt to settle it simultaneously through formal mediation.

6. The Parties would like to conserve resources and focus on attempting to amicably resolve this action by mediation. Through discussions between their counsel, the Parties have reached an agreement to mediate, and they earnestly intend to work through the mediation process and share a good-faith belief that with the assistance of a mediator they can reach a mutually agreeable resolution that averts the need for further costly litigation.

7. Permitting the Parties time to mediate and attempt to settle this action would likewise conserve the Court's scarce resources.

8. This Stipulation is not interposed for delay, and it will not prejudice either party. The Parties are requesting that the Court enter a temporary Stay to allow completion of the mediation to preserve the *status quo,* because they have agreed that mediation, and the time it will take to complete it, should be without prejudice to the rights any Party may have a this time to assert any claim or counterclaim, interpose any defense, seek any relief form the Court or otherwise prosecute or defend their respective positions should the mediation fail to result in a settlement agreement. The Parties belief that if the Court maintains jurisdiction by entering the proposed Stay Order it will protect the Parties' respective rights and positions while encouraging an expeditious and efficient resolution and, hopefully, termination of this litigation.

9. The Parties therefore propose that the Court temporarily Stay all proceedings in this action, including any filing deadlines, conferences and hearings, for 90 days, such that this matter can proceed to mediation.

10. Federal Rule of Civil Procedure 16(b)4 permits the Court to Modify a proceeding's schedule for good cause. LR 26-3, further provides that a Stipulation to extend any date set by a discovery plan, scheduling order, or other order must, in addition to satisfying LR IA 6-1, be supported by a showing of good cause. The Parties respectfully submit that the circumstances set forth herein show good cause to Stay the proceedings in order to allow the Parties to mediate and attempt to settle their dispute.

WHEREFORE, the Parties respectfully request that the Court Stay all Proceedings until no later than September 2, 2021, to allow the completion of their pending mediation, pursuant to the terms set forth herein and in this Stipulation.

**IT IS SO STIPULATED.**

DATED: June 2, 2021

F. TRAVIS BUCHANAN, ESQ., & ASSOC.

*/s/ F. Travis Buchanan*
F. Travis Buchanan, Esq.
701 E. Bridger Ave., Suite 540
Las Vegas, NV 89101
*Attorneys for Plaintiff*

DATED: June 2, 2021

SKANE MILLS LLP

*/s/ Sarai Brown*
Sarai Brown, Esq.
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
*Attorneys for Defendants*

### ORDER

Based on the parties' stipulation [ECF No. 38] and good cause appearing, IT IS HEREBY ORDERED that **this case is STAYED for all purposes until September 2, 2021.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: June 3, 2021